49000. WORLEY v. PROVIDENCE WASHINGTON
INSURANCE COMPANY et al.

EBERHARDT, Presiding Judge. This workmen's compensation case was transferred to this court from the Supreme Court, holding that appellant's attempted constitutional attack on that portion of the Act appearing as Code Ann. § 114-413 (c) was not properly presented for appellate review. *Worley v. Save Oil Co.,* 231 Ga. 227 (200 SE2d 896). The only remaining question necessary for consideration is whether there is any competent evidence to

support the finding of the full board that the deceased employee contributed an average weekly amount of $41.53 to his partially-dependent mother, which amount was used for purposes of computing the compensation as provided for by Code Ann. § 114-413 (c).

The deputy director had found that the deceased contributed only $15.81, resulting in his award of $6.10 per week compensation, as compared with the board's award of $15.69 weekly resulting from its use of the higher contribution amount in the § 114-413 (c) computation. The superior court found no basis for the full board's award, set it aside, and claimant entered this appeal from that judgment.

We have reviewed the evidence, and while we find it far from clear and certain as to "the average amount contributed weekly by the deceased to the partial dependent" (Code Ann. § 114-413 (c)), we nevertheless cannot say that the finding of the board is without *some* evidence to support it. Consequently the superior court should have affirmed the award under the "any evidence" rule, and its judgment setting the award aside must be reversed.

*Judgment reversed. Pannell and Evans, JJ., concur.*

SUBMITTED JANUARY 14, 1974 — DECIDED JANUARY 22, 1974.

*Burdine & Freeman, Essley B. Burdine,* for appellant.
*VanGerpen & Bovis, Earl J. VanGerpen, Steven J. Kyle,* for appellees.